39 709
47 316
47 1479

## No. 10006

### CANAL & CLAIBORNE STREET RAILROAD COMPANY vs. CITY OF NEW ORLEANS ET AL.

The original grantee from the city of New Orleans of a franchise or privilege of a right of way over certain streets for railroads, for a term of twenty years, cannot, after the expiration of said term, enjoin the city from advertising and selling the same franchise, on the ground that the city has failed to comply with its alleged contract obligation to take and pay for its "railroads, rolling-stock, equipments and fixtures."

Such failure, even if the obligation existed, could not operate to prolong the franchise, or to restrain the city in the exercise of its sovereign authority over its streets for the benefit of the people to whom they belong in common.

The specifications of the proposed sale cover only the franchise of the right of way, and do not propose to sell any property of plaintiff, all of whose legal rights are expressly reserved under a clause requiring the purchaser to respect and equitably settle for them; and under the same clause plaintiff may compete at the sale without waiving any rights.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*H. D. Ogden* for Plaintiff and Appellant.

*Walter H. Rogers*, City Attorney, and *Wynne Rogers*, Assistant City Attorney, for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. In 1867 the City of New Orleans sold to C. A. Labuzan & Co. (who subsequently transferred to plaintiff) the "*right of way*," or the "*privilege of the right of way to establish railroads on Claiborne and other streets for passengers only*," which *right and privilege* was awarded and transferred for the term of *twenty years*.

The contract contains the usual specifications as to routes, method and material of construction and various other matters not necessary to detail, and also the following stipulation:

"The said railroads, rolling stock, equipments and fixtures to revert to the City of New Orleans at the expiration of said twenty years' privilege, on a valuation to be ascertained by two disinterested

persons, one to be appointed by the purchaser and the other by the city ; and in the event of a disagreement as to said valuation between said persons thus appointed, a third person or umpire shall be appointed by one of the district courts of and in the city of New Orleans, the decision thereby had to be final and binding."

The twenty years, for which the privilege or right of way was sold, having expired, the city proposed to sell, and advertised for sale, the same privilege and right, with certain extensions and modifications, upon specifications adopted and published by the city.

Plaintiff brings the present suit to enjoin this sale, on various grounds, and brings up the present appeal from a judgment of the court a qua maintaining an exception of no cause of action interposed by the city, and dismissing the suit.

The grounds of plaintiff's claim are substantially :

1st.    That, under the reversion clause of the original contract heretofore quoted, appraisers had been appointed to value "the railroads, rolling stock, equipments and fixtures " and that they had agreed upon a valuation of $223,664 74, which, it alleges, was binding, and had the effect of res adjudicata ; that the city was bound, by its contract, to take the property at this valuation, and to pay for the same ; and that it has no right to sell the right of way heretofore enjoyed by plaintiff, without first paying for its property as aforesaid, or at least, that it can only sell it subject to a condition imposed on the purchaser to take and pay for said property.

The city responds that the reversion clause imposed no obligation whatever on the city to take or pay for plaintiff's property, but merely gave it the privilege of taking it at the appraised value, if it should desire to do so.    Irrespective of this controversy, which we find it unnecessary to decide, we do not see how the failure of the city to comply with such obligation, even if it existed, could give to the plaintiff any other right than to claim its judicial enforcement by ordinary legal remedies.    It is impossible that such failure should operate to prolong plaintiff's right to exercise the right of way by a railroad over the public streets, after the expiration of the term for which that privilege was granted; or to prevent the sovereign power of the city, delegated by the State, over the public streets, from immediately attaching free from such privilege ; or to restrain the city, in the exercise of the same sovereign power, from again granting the right of way, on such terms and conditions as it may choose, consistent with the general rights of the public.

We have heretofore held that, as stated in the Code itself, the "streets, public walks and quays, are things which belong in common to all the inhabitants of cities and other places, to the use of which all the inhabitants and even strangers are entitled in common;" that the rights of the city in regulating them and in granting proper rights of way over them for railroad purposes and the like, "emanate from the State, which, in the exercise of its sovereignty, has delegated them;" that "the power to dispose of a franchise (right of way), being an attribute of sovereignty, is one which no extrinsic power can set in motion, and which requires, as a *primum mobile*, the volition of the being in whom it was vested, which is, in the present instance, the city of New Orleans." Board of Liquidation vs. City, 32 Ann. 915.

In the exercise of her sovereign right and volition, the city sold to plaintiff the privilege of this right of way for twenty years and no longer. The term has expired. The plaintiff has no longer any such right or privilege. The sovereign rights of the city have re-attached, absolutely free from any privilege of plaintiff. Her sovereign power over her streets, delegated for the convenience and welfare of her people, cannot be restrained in its exercise to await the settlement of controversies touching rights and obligations, not concerning the franchise or privilege itself, but other private property.

2d. It is claimed that the specifications, under which the sale is proposed, violate plaintiff's rights of property, because they locate the routes precisely where plaintiff's tracks now are, and also because they contain the clause, "the existing tracks in the above enumerated routes may be used."

Under the views heretofore expressed, plaintiff's right to occupy the streets with railroads or to use the right of way over them, has absolutely expired, and the city has the power to sell and locate the right of way thereafter to be granted according to its will.

So far as the grant of the right to "use existing tracks," contemplates the use of plaintiff's cross-ties, iron and other severable property, it would be mere *brutum fulmen*, not binding on plaintiff and which it could resist, or exact compensation therefor. We find, however, another clause in the specifications which robs this grant of all significance, viz: "If anything in these specifications are in conflict with any rights or privileges granted to any person or company prior to this grant, the purchaser must equitably settle all such conflicts and hold the city harmless from all consequent damages."

This evidently operates as a reserve of all plaintiff's existing rights, whatever they may be, and warns the purchaser that they must be respected or settled equitably.

3d. The same clause destroys the last contention of plaintiff, viz: that it has a right to be a bidder at any public sale of the franchise, but that it is excluded from bidding, under the proposed specifications, because it cannot do so without abandoning its rights of property, and of insisting on the payment by the city of its appraised value.

Whether or not this would be a ground for injunction it is obvious that, under the clause above quoted, no such obstacle exists to its becoming a bidder, and that it may purchase, if it should be the adjudicatee, without waiving any of its legal rights, and that any other purchaser, who should seek to use "existing tracks," could not use plaintiff's property situated on said tracks, without an equitable settlement therefor. Indeed, the city does not propose to sell or transfer any property of plaintiff, but only the privilege or franchise of the right of way, plaintiff's interest in which has absolutely terminated.

Judgment affirmed.